1  JEFFREY E. FAUCETTE (No. 193066)
   SKAGGS FAUCETTE LLP
2  One Embarcadero Center, Suite 500
   San Francisco, California 94111
3  Telephone: (415) 315-1669
   Facsimile:  (415) 433-5994
4  E-mail: jeff@skaggsfaucette.com

5  Attorneys for Plaintiff ELEKTRA PRINTZ GORSKI

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEKTRA PRINTZ GORSKI, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>THE GYMBOREE CORPORATION, a Delaware corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elektra Printz Gorski ("Gorski") by and for her complaint against Defendant The Gymboree Corporation ("Gymboree") alleges as follows:

## INTRODUCTION

1. Gorski is an artist, entrepreneur, and designer who has been designing, manufacturing, and selling apparel under the LETTUCE TURNIP THE BEET trademark and various copyrighted designs since 2011. Her apparel designs and trademark have tremendous popularity on Etsy, Pinterest, Instagram, Tumblr, Facebook, Wanelo, and other social media and ecommerce websites. She owns multiple United States Federal Trademark Registrations for the mark LETTUCE TURNIP THE BEET, and she has registered a copyright for her designs printed on apparel, paintings, bags, and boxes incorporating this phrase. Gorski has been the exclusive authorized seller of copies of these apparel designs since 2011.

2. In early 2014, Gymboree began selling a children's t-shirt called the "Lettuce Turnip the Beet Tee" through more than 300 of its Crazy 8 retail stores nationwide and on its website at www.crazy8.com. This shirt is a knock-off of Gorski's copyrighted design and it infringes Gorski's trademark. Prior to engagement in this activity, Gymboree had both actual and constructive notice of Gorski's copyright and trademark rights, and Gymboree has knowingly and willfully infringed on these rights. Gymboree has taken deliberate steps to infringe Gorski's marks by marketing, distributing, and selling these t-shirts, even after receiving a cease and desist letter from Gorski on March 4, 2014.

3. This action is brought to restrain Gymboree from continuing its intentional infringement of Gorski's intellectual property rights, to end Gymboree's unfair competition and unjust enrichment, and to obtain redress for the damage caused to Gorski. Gymboree's marketing and sales of these products is causing immediate and irreparable injury to Gorski. Gorski hereby seeks to enjoin Gymboree's infringement of its mark and copyright and to recover damages caused by Gymboree's unlawful actions.

## THE PARTIES

4. Plaintiff Elektra Printz Gorski is an individual who resides in Baltimore, Maryland.

5. Upon information and belief, Defendant The Gymboree Corporation is a corporation organized under the laws of the state of Delaware and has a principal place of business at 500 Howard Street, San Francisco, California.

## NATURE OF THE CASE

6. This is an action for (a) infringement of United States copyrights in violation of 17 U.S.C. section 101 *et seq*.; (b) infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1); and (c) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. section 1121 and 28 U.S.C. sections 1331 and 1338. Venue is proper within this district under the provisions of 28 U.S.C. sections 1391 and 1400.

8. General personal jurisdiction over Gymboree is proper in this District due to its headquarters and stores within this District, and its systematic business activity within this District. Additionally, specific personal jurisdiction over Gymboree is proper in this District due to Gymboree's sales of infringing t-shirts in this District and by engaging in unfair competition in this District.

## INTRA-DISTRICT ASSIGNMENT

9. This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to intradistrict venue provisions.

## GORSKI'S COPYRIGHT AND TRADEMARK RIGHTS

10. Gorski graduated from the Fashion Institute of Technology ("FIT") in New York in 2007, winning the famed Critic's Award as one of the most promising designers in her class. She has taken advanced silkscreen classes at FIT and the School of Visual Arts (SVA) from 2006 to 2013. She is a designer and artist who is widely considered a master printer among her industry peers who have printed for Warhol and Rauschenberg. Gorski is also a former Peace Corps

business volunteer to rural West Africa prior to winning a Rotary World Peace Fellowship to complete her graduate degree in Japan under the Rotary Foundation.  In 2011, she created the LETTUCE TURNIP THE BEET mark and her first apparel and product designs using the mark as both a source identifier and as a graphic design element.

11. Gorski owns United States Copyright Registration No. VA0001817452 (filed August 29, 2011), titled *June 2011 through August 2011 Elektra Printz Gorski Designs*.  True and correct copies of Registration No. VA0001817452 and deposits for this registration are attached hereto as Exhibit A.

12. Gorski's t-shirt garments depicting the copyrighted design have been available to the public since June 2011 in SoHo, NYC and since August 2011 through the ecommerce website Etsy (www.etsy.com) and Supermarket (www.supermarkethq.com).  Thus, Gymboree had access to these designs since August 2011 online.

13. The LETTUCE TURNIP THE BEET Mark is the subject of two trademark registrations issued by the United States Patent and Trademark Office (the "USPTO").

14. On March 5, 2013, the USPTO issued Registration Number 4,297,108 for the mark LETTUCE TURNIP THE BEET for the following goods and services:  "Paper for wrapping and packaging"; "tote bags"; and "Wearable garments and clothing, namely, shirts."  Gorski is the owner of Registration No. 4,297,108.  A copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit B.

15. On December 24, 2013, the USPTO issued Registration Number 4,454,801 for the mark LETTUCE TURNIP THE BEET for the following goods and services:  "On-line retail store services featuring clothing, accessories and art."  Gorski is the owner of Registration No. 4,454,801.  A copy of a printout from the USPTO online database reflecting this registration is attached as Exhibit C.

16. Gorski's goods and services sold under the LETTUCE TURNIP THE BEET Mark have been offered in commerce since 2011, and these goods and services are well and favorably known by the purchasing public, including many top celebrities.  *Pregnancy and Newborn*

magazine even featured her baby LETTUCE TURNIP THE BEET organic bodysuit in their February 2013 issue as a recommended product.

17. Since 2011, Gorski has provided notice that the LETTUCE TURNIP THE BEET design, photos, and text in her online store are copyright protected by using the © or by providing written notification. Between 2012 and 2013, Gorski provided notice that the LETTUCE TURNIP THE BEET Mark was trademark use by displaying LETTUCE TURNIP THE BEET ™ in each online product listing, and/or by providing other written notice that the LETTUCE TURNIP THE BEET Mark is trademark and copyright protected. Since 2013, Gorski has provided notice that the LETTUCE TURNIP THE BEET Mark is federally-registered by displaying the letter R enclosed within a circle, thus ®, and/or by providing other written notice that the LETTUCE TURNIP THE BEET Mark is federally-registered. In addition, on information and belief, Defendant had actual notice that the LETTUCE TURNIP THE BEET Mark is federally-registered.

## DEFENDANT GYMBOREE'S INFRINGING ACTIVITIES

18. In early 2014, Gorski became aware of the sale by Gymboree (through its retail stores Crazy 8 and online store at www.crazy8.com) of the "Lettuce Turnip the Beet Tee" bearing a screen printed design substantially similar to that in *June 2011 through August 2011 Elektra Printz Gorski Designs*. The rubbery, thick screen-printed design, heat transfer neckline label branding, and poor finishing (un-cut threads, etc.) of these knock-off tees produced in Indonesia was cheap by comparison to the made in the USA shirts, softer eco-friendly water-based ink, sewn-in damask woven neckline labels, and whimsical hand-silkscreened hangtags used by Gorski. Not surprisingly, these tees were sold by Gymboree between $8-10 USD, at approximately one-third the price of Gorski's $24 tees. Gymboree's knock-off tees are depicted in Exhibit D attached hereto.

19. As can be seen in Exhibit D, the design on Gymboree's knock-off tee is substantially similar to Gorski's registered work in *June 2011 through August 2011 Elektra Printz Gorski Designs*. The overall arrangement, shapes, typefaces, sizes and placement of the design

elements are substantially similar.

20. On information and belief, the designers employed by Gymboree to design the knock-off tees had actual knowledge of Gorski's designs and LETTUCE TURNIP THE BEET Mark. This Mark is uniquely associated with Gorski's goods and services, and Gorski's designs are tremendously popular on social networking sites such as Pinterest.

21. On information and belief, Gymboree's designers have seen Gorski's designs and noted the popularity of them on Pinterest, Etsy, and other websites. Gorski's light grey heather shirt for children is widely considered one of the most popular children's products ever pinned on Pinterest under their "*Popular*" heading and has over 120,000 product views on Etsy making it one of the most popular products ever on Etsy. Gorski also has a light blue heather t-shirt for children that is equally popular and is almost the same hue and tri-blend fabric content as the t-shirt produced by Gymboree. True and correct copies of photographs of these shirts are attached hereto in Exhibit E along with a true and correct copy of a photograph of Gymboree's infringing shirt.

22. The use of the LETTUCE TURNIP THE BEET Mark on Gymboree's "Lettuce Turnip the Beet Tee" is confusingly similar to Gorski's use of the LETTUCE TURNIP THE BEET Mark in the offering of her goods and services on Etsy and other sites, and Gymboree's use of this mark in commerce is likely to cause confusion among consumers as to the source, sponsorship or affiliation of Gymboree's goods and services.

23. Gymboree has used the LETTUCE TURNIP THE BEET Mark on goods that are identical to some of the goods offered by Gorski under the LETTUCE TURNIP THE BEET Mark, in particular short-sleeved t-shirts for children.

24. Gymboree's use of "Lettuce Turnip the Beet" in connection with the manufacture, advertisement, distribution, and/or sale of apparel and on its www.crazy8.com website damages the value of Gorski's rights in the LETTUCE TURNIP THE BEET Mark and is likely to injure the business reputation of Gorski.

25. On information and belief, Gymboree has used the LETTUCE TURNIP THE

1  BEET Mark on its apparel and online storefront with the intent to benefit from Gorski's goodwill
2  and reputation in apparel and online storefronts, to deceive the public as to the source or origin of
3  Gymboree's goods, or, alternatively, to overwhelm Gorski's use of the LETTUCE TURNIP THE
4  BEET Mark so to deceive the public as to the source or origin of *Gorski's* goods, and to profit
5  from the demand created for goods, namely children's apparel, identified with Gorski's
6  LETTUCE TURNIP THE BEET Mark.

7      26.    As a direct result of Gymboree's infringing activities, Gorski has been and will be
8  irreparably injured by the confusion likely to occur, by the damage to the value of Gorski's rights
9  in the LETTUCE TURNIP THE BEET Mark and by the likely injury to the business reputation of
10  Gorski.  Gymboree's continued and infringing use of the LETTUCE TURNIP THE BEET Mark
11  has and will materially and negatively affect the business, reputation and goodwill of Gorski.

12      27.    Gymboree's use of the LETTUCE TURNIP THE BEET Mark has and will
13  adversely affect sales of Gorski's goods and the value of the LETTUCE TURNIP THE BEET
14  Mark.  Customers have been and may be confused into purchasing Gymboree's clothing by
15  thinking that it is a line of clothing produced or licensed by Gorski.  To the extent Gymboree's
16  clothing is not well-received by consumers, the reputation of Gorski has been and will be harmed
17  and this harm would be irreparable.

18      28.    Gorski has already received multiple communications from consumers evidencing
19  the fact that actual confusion has occurred as a result of Gymboree's infringement.

20      29.    In sum, Gymboree's marketing, advertising, sale and promoting the sale of its
21  clothing using an infringing mark will create a likelihood that a false and unfair association will be
22  made between the clothing of Gymboree and that of Gorski because the purchasing public is likely
23  to believe that Gymboree's clothing is connected with, produced or sponsored by Gorski.

24      30.    Gorski has no adequate remedy at law and will continue to suffer irreparable harm
25  unless Gymboree is restrained from its willful infringement of the LETTUCE TURNIP THE
26  BEET Mark.

27
28

FIRST CLAIM FOR RELIEF

(Copyright Infringement)

(17 U.S.C. §§101 *et seq.*)

31. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. Gymboree has infringed Gorski's copyright in *June 2011 through August 2011 Elektra Printz Gorski Designs* through the reproduction of and/or distribution of substantially similar designs on children's t-shirts sold in Gymboree's 300+ Crazy 8 stores and online on Gymboree's website at www.crazy8.com.

33. On information and belief, the infringement of Gorski's registered copyright was willful. In designing Gymboree's knock-offs to compete with Gorski's garments, Gymboree had access to *June 2011 through August 2011 Elektra Printz Gorski Designs*. The similarity of these highly creative designs and the use for identical purposes on competing products in the form of children's t-shirts gives rise to a strong inference of willful infringement.

34. Gorski has been damaged by Gymboree's willful infringement in a sum to be determined.

35. As a direct result of Gymboree's infringement, Gorski has suffered and will suffer irreparable harm, including but not limited to harm to her business and goodwill.

36. On information and belief, Gymboree threatens to continue its infringing activities, and unless restrained and enjoined, will do so. Gorski's remedy at law is inadequate to compensate her for the harm caused by and threatened by Gymboree.

SECOND CLAIM FOR RELIEF

(Infringement of Registered Marks)

(15 U.S.C. §1114)

37. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

38. Gorski's registered LETTUCE TURNIP THE BEET Mark has acquired secondary meaning. Purchasers associate the LETTUCE TURNIP THE BEET Mark only with Gorski's clothing goods and online storefront. This is a result of extensive advertising, social media

1 interest and sales throughout the United States of goods and services bearing the LETTUCE TURNIP THE BEET Mark.

39. Gymboree, by using the LETTUCE TURNIP THE BEET Mark in connection with the advertisement, distribution and sale of clothing and its online storefront, have used and intend to continue to use, in commerce an imitation of the LETTUCE TURNIP THE BEET Mark in connection with the advertisement, distribution and sale of clothing and an online storefront in a manner that is likely to cause confusion, mistake or deception.

40. By committing the acts alleged herein, Gymboree has intentionally, knowingly and willfully infringed the registered LETTUCE TURNIP THE BEET Mark, and Gymboree continues to do so.

41. Because of Gymboree's infringement, Gorski has been irreparably harmed. Gorski will continue to suffer irreparable harm unless Gymboree is preliminarily and permanently restrained from infringing the LETTUCE TURNIP THE BEET Mark.

42. Gorski is entitled to recover all profits heretofore realized by Gymboree during its infringement of the LETTUCE TURNIP THE BEET Mark, as well as Gorski's costs in this action pursuant to 15 U.S.C. section 1117(a).

43. Gymboree's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Gorski is entitled to recover three times the amount of Gymboree's profits plus Gorski's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b).

THIRD CLAIM FOR RELIEF

(Unfair Competition and False Designation of Origin)

(15 U.S.C. §1125(a))

44. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

45. As stated above, Gorski, for many years and long prior to the acts of Gymboree herein complained of, has marketed its clothing and online storefront under the LETTUCE TURNIP THE BEET Mark.

46.     Gymboree has copied Gorski's LETTUCE TURNIP THE BEET Mark.  As a result, Gymboree's marketing and sale of clothing and/or its online storefront under the LETTUCE TURNIP THE BEET Mark is likely to deceive and cause confusion to the purchasing public and to induce them to believe that Gymboree or their goods or services are in some manner related to, approved by or sponsored by Gorski; alternatively, Gymboree's marketing and sale of clothing and/or its online storefront under the LETTUCE TURNIP THE BEET Mark is likely to deceive and cause confusion to the purchasing public and to induce them to believe that Gorski's goods or services are in some manner related to, approved by or sponsored by Gymboree. Gymboree has intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between Gorski's goods and services and Gymboree's goods and services in violation of 15 U.S.C. section 1125(a). Gorski believes that customers are likely to be confused by Gymboree's use of such false designations of origin, and false descriptions or representations regarding Gorski's goods and Gymboree's goods.

47.     By committing the acts alleged herein, Gymboree has intentionally, knowingly and willfully infringed the Gorski's mark, and Gymboree continues to do so.

48.     Because of Gymboree's infringement, Gorski has been irreparably harmed.  Gorski will continue to suffer irreparable harm unless Gymboree is preliminarily and permanently restrained from infringing the LETTUCE TURNIP THE BEET Mark.

49.     Gorski is entitled to recover all profits heretofore realized by Gymboree during its infringement of the LETTUCE TURNIP THE BEET Mark, as well as Gorski's costs in this action pursuant to 15 U.S.C. section 1117(a).

50.     Gymboree's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above.  Therefore, Gorski is entitled to recover three times the amount of Gymboree's profits plus Gorski's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b).

## PRAYER FOR RELIEF

WHEREFORE, Gorski prays for prays that this Court enter judgment in her favor on each and every claim for relief set forth above and award her relief including, but not limited to, the following:

1. That Gymboree be adjudged to have infringed Gorski's copyright in the work described herein pursuant to 17 U.S.C. section 501;

2. That Gymboree be adjudged to have advertised, distributed and sold goods infringing the registered LETTUCE TURNIP THE BEET Mark, in violation of federal law;

3. That all goods, documents, advertising, packaging and any other materials infringing the LETTUCE TURNIP THE BEET Mark in the possession, custody or control of Gymboree be seized;

4. That Gymboree be adjudged to have willfully and deliberately infringed the registered LETTUCE TURNIP THE BEET Mark, in violation of federal law;

5. That Gymboree be adjudged to have competed unfairly with Gorski by its infringing use of the LETTUCE TURNIP THE BEET Mark, in violation of federal law;

6. That Gymboree and its officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a)    Infringement of Gorski's copyright designs as described herein and any others;

    b)    Using the LETTUCE TURNIP THE BEET Mark, or any other confusingly similar mark including, without limitation, LETTUCE TURNIP THE BEET, and/or any reproduction, copy or colorable imitation of said mark, in connection with the advertising, manufacturing, offering for sale, distribution or sale of clothing or any other goods or services that are not authorized by Gorski;

    c)    Using the LETTUCE TURNIP THE BEET Mark or any other confusingly similar mark including, without limitation, LETTUCE TURNIP THE BEET, and/or any

other mark including any reproduction, copy or colorable imitation of said mark on clothing in any manner likely to cause others to believe that any of Gymboree's goods or services are made by, distributed by, associated or connected with Gorski's goods or services;

  d) Committing any other acts calculated to cause actual or potential purchasers to be confused regarding the source or sponsor of Gymboree's and/or Gorski's goods and/or services; and

  e) Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through d;

7. That Gymboree be ordered to deliver to Gorski all materials that infringe Gorski's copyright designs as described herein and/or Gorski's LETTUCE TURNIP THE BEET Mark;

8. That Gymboree be ordered to advise Gorski of the identity of all customers, suppliers, distributors and manufacturers of Gymboree's goods that infringe Gorski's copyright designs as described herein and/or Gorski's LETTUCE TURNIP THE BEET Mark;

9. That Gymboree be ordered to advise all customers, suppliers, distributors and manufacturers that Gymboree's goods or services infringing the LETTUCE TURNIP THE BEET Mark were not manufactured, licensed, authorized or distributed by Gorski, and that any such goods sold or distributed by Gymboree may be returned to Gymboree and/or Crazy 8 in any condition for a full refund, and that Gymboree shall make such refund and maintain all records relating to such recall notices and refunds;

10. For an accounting of all of Gymboree's profits attributable to the infringement, including both direct profits and indirect profits in the form of convoyed sales of related items pursuant to 17 U.S.C. section 504;

11. For an award to Gorski of her actual damages and any additional profits of Gymboree, or enhanced statutory damages, whichever is greatest, pursuant to 17 U.S.C. section 504;

12.     For an award of Gorski's attorneys' fees, expenses and costs, pursuant to 17 U.S.C. section 505;

13.     For an award of all profits heretofore realized by Gymboree during its use of the infringing marks pursuant to 15 U.S.C. section 1117;

14.     For an award of three times the amount of Gymboree's profits and Gorski's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b);

15.     For an award of compensatory damages;

16.     For an award of punitive damages;

17.     For an award of costs; and

18.     For all other relief the Court deems just and proper.

Dated: March 21, 2014                         SKAGGS FAUCETTE LLP

                                                        By:         /s/
                                                                       Jeffrey E. Faucette
                                        Attorneys for Plaintiff ELEKTRA PRINTZ GORSKI



COMPLAINT FOR COPYRIGHT, TRADEMARK & UNFAIR COMP.:     CASE NO.

13

## JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues properly triable of right by a jury.

Dated: March 21, 2014                SKAGGS FAUCETTE LLP

                                     By:  _____/s/_____
                                          Jeffrey E. Faucette
                                     Attorneys for Plaintiff ELEKTRA PRINTZ GORSKI